UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE EARL HASKIN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>STU SHERMAN,<br><br>　　　　Respondent. | Case No.: CV 16-07767-JAK (JDE)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, the Report and Recommendation ("R&R") of the United States Magistrate Judge, and the Verified Objection to the R&R filed by Petitioner on October 10, 2017 ("Objection" or "Obj."). Further, the Court has engaged in a de novo review of those portions of the R&R to which objections have been made.

　　　　In his Objection, totaling 28 pages including the verification, Petitioner re-states the history of the action, certain evidence, and aspects of the R&R. See, e.g. Obj. at 2-3, 5-9, and 13-17. However, it appears that Petitioner also purports to raise new arguments not contained in his Petition or other filings in the action. See, e.g., Obj. at 4, 9-12, 17-21.

Following this Court's Order of February 14, 2017 dismissing all grounds other than Ground One, the Petition raises a single ground for relief: Petitioner's claim that his appellate counsel was "ineffective for filing a [People v. Wende, 25 Cal. 3d 436 (1979)] brief instead of raising any specific instances of errors." Petition at 11. The R&R addressed this claim and recommended its denial. See R&R at 15-19 (noting the "high bar" of Strickland v. Washington, 466 U.S. 668 (1984) and additional burdens in challenging a Wende brief, including showing a "'reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, [petitioner] would have prevailed on his appeal'" (citing Smith v. Robbins, 528 U.S. 259, 285-86 (2002)).

Now, it appears that Petitioner is seeking to raise a new theory – that is, that his "appellate counsel['s] failure to withdraw as counsel of record for Petitioner on direct appeal and/or second appeal was ineffective assistance of counsel; because, it deprived Petitioner of the right to have a new counsel appointed." Obj. at 9. Petitioner points to a single line in his appellate counsel's declaration in support of his submission of the Wende brief to the California Court of Appeal in which counsel states "'I do not at this time move to withdraw as counsel of record and remain available to brief any issues that the court requests.'" Obj. at 15; see also Respondent's Notice of Lodging No. 14 at 1. Based upon that line, Petitioner argues that counsel "[threw] in the towel while remaining in the ring only to coerce Petitioner into filing a Supplemental brief on his own in order to circumvent Anders['] requirements." Obj. at 17. Petitioner asks whether "counsel's failure to withdraw deprive[d] petitioner of his or her right for appointment of new counsel in light of" Anders v. California, 386 U.S. 738 (1988) and whether the California Court of Appeal violated Petitioner's right to counsel on appeal under Douglas v. California, 372 U.S. 353 (1963). Obj. at 9-12, 18-19 (also citing Evitts v. Lucey,

469 U.S. 387 (1985) and McCoy v. Court of Appeals of Wis., Dist. 1, 486 U.S. 429 (1988)).

Boiled down to its essence, Petitioner is now challenging the constitutionality of California's Wende procedure, asserting that in addition to committing ineffective assistance in failing to brief alleged trial errors but instead filing a Wende brief (an argument addressed in the R&R), appellate counsel also provided ineffective assistance in failing to move to withdraw as Petitioner's counsel on appeal, instead remaining available to brief any issues requested by the California Court of Appeal, and the California Court of Appeal's failure to sua sponte appoint new counsel to represent Petitioner violated his Fourteenth Amendment rights (arguments not raised in the Petition or addressed in the R&R).

"[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000). However, "in making a decision on whether to consider newly offered evidence, the district court must actually exercise its discretion, rather than summarily accepting or denying the motion." Id. at 622. Here, there are many reasons for the Court to decline to consider the new evidence and arguments offered by Petitioner – including: (i) whether Petitioner's decision to raise new matter by way of Objection was tactical (see Obj. at 7, noting Petitioner did not file a reply to Respondent's Answer because "he rest[s] on his entire Petition as an answer to those claims against him"); (ii) whether Petitioner has properly exhausted his state court remedies; (iii) whether the record is fully developed; and (iv) whether Respondent should have a further opportunity to respond.

However, in light of the fact that binding United States Supreme Court precedent rejects Petitioner's new arguments, the Court elects to consider the

arguments and reject them. In Smith v. Robbins, 528 U.S. 259 (2000), the Supreme Court considered a Fourteenth Amendment challenge to California's Wende procedure and found "the Wende procedure, like the Anders and McCoy procedures . . . affords adequate and effective appellate review for criminal indigents. Thus, there was no constitutional violation in this case simply because the Wende procedure was used." Id. at 284. Although Petitioner takes issue with the fact that his appellate counsel did not withdraw upon filing the Wende brief, the Supreme Court held that that very procedure was part of what made the Wende procedure pass constitutional muster – by not leaving an indigent defendant without representation and by providing the appellate court an opportunity to order briefing if it found arguable issues in its own review of the record. Id. at 280. The R&R cited Smith at pages 16, 17 and 19; Petitioner did not reference Smith, and all of the authorities cited in the Objection predate Smith. As contrary Supreme Court authority controls, the Court finds the new arguments raised in the Objection lack merit.

As noted above, the Court has engaged in a de novo review of those portions of the R&R to which objections have been made, and has considered and rejected new arguments by Petitioner raised in his Objection. The Court accepts the findings and recommendation of the Magistrate Judge.

IT IS THEREFORE ORDERED that Judgment be entered denying the petition and dismissing this action with prejudice.

Dated: November 14, 2017

_____
JOHN A. KRONSTADT
United States District Judge

arguments and reject them. In Smith v. Robbins, 528 U.S. 259 (2000), the Supreme Court considered a Fourteenth Amendment challenge to California's Wende procedure and found "the Wende procedure, like the Anders and McCoy procedures . . . affords adequate and effective appellate review for criminal indigents. Thus, there was no constitutional violation in this case simply because the Wende procedure was used." Id. at 284. Although Petitioner takes issue with the fact that his appellate counsel did not withdraw upon filing the Wende brief, the Supreme Court held that that very procedure was part of what made the Wende procedure pass constitutional muster – by not leaving an indigent defendant without representation and by providing the appellate court an opportunity to order briefing if it found arguable issues in its own review of the record. Id. at 280. The R&R cited Smith at pages 16, 17 and 19; Petitioner did not reference Smith, and all of the authorities cited in the Objection predate Smith. As contrary Supreme Court authority controls, the Court finds the new arguments raised in the Objection lack merit.

As noted above, the Court has engaged in a de novo review of those portions of the R&R to which objections have been made, and has considered and rejected new arguments by Petitioner raised in his Objection. The Court accepts the findings and recommendation of the Magistrate Judge.

IT IS THEREFORE ORDERED that Judgment be entered denying the petition and dismissing this action with prejudice.

Dated: November 14, 2017

_____
JOHN A. KRONSTADT
United States District Judge